FILED
Jeffrey A. Apperson, Clerk
MAR 24 2006
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04-CV-405-H

SAM SWEET                                                                           PLAINTIFF

V.

CSX TRANSPORTATION, INC.                                                DEFENDANT

## JURY INSTRUCTIONS

Members of the Jury, now that you have heard all of the evidence and the arguments by the attorneys, it is my duty to give you instructions as to the law applicable in this case. It is your duty as jurors to follow the law as stated in these Instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the Instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these Instructions whether you agree with it or not.

It is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in this case. The term "evidence" includes the sworn testimony, including deposition testimony, of the witnesses and the exhibits admitted into the record. It is your own interpretation and recollection of the events that controls. The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility of each witness and the weight to be given to the testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of that witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have seen and heard.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion and the reasons for such an opinion. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by the expert witness in support of an opinion are not sound, or that the opinion is outweighed by other credible evidence in the case, or by the opinion of some other expert, then you may reject the opinion of such expert in whole or in part.

All persons are entitled to equal justice under the law. This applies to corporations as well as individuals. The parties in this case are entitled to your careful deliberation without any consideration of their relative wealth.

In this case it is the Plaintiff's responsibility to prove every essential element of his claim under the Federal Safety Appliance Act. That is, the Plaintiff must prove to you that his claim is more likely true than not. If the Plaintiff fails to prove any essential element of his claim is more likely true than not, then you should find for the Defendant on that claim.

## INSTRUCTION NO. 1

### Federal Safety Appliance Act Claim

Under the Federal Safety Appliance Act, a railroad carrier may use or allow to be used a vehicle on any of its railroad lines only if the vehicle is equipped with certain appliances or equipment, including "efficient hand brakes." For the Plaintiff to recover under this claim, he must prove that the following two elements are more likely than not:

(1)  the vehicle in question was not equipped with an "efficient hand brake," and

(2)  the lack of an efficient hand brake caused, in whole or in part, the Plaintiff's injuries.

The Plaintiff can prove that the hand brake was not "efficient" by showing that the hand brake at issue did not work properly at the time of the incident in question when operated with due care in the usual manner. Please indicate in Question No. 1 of the Verdict Form whether you find that the hand brake was efficient or inefficient. If you find that the hand brake was inefficient, please continue with these Instructions. However, if you find that the hand brake was efficient, please disregard the remaining Instructions and return to the courtroom with your verdict.

As to element (2) above, causation, the Plaintiff must prove that his injuries were caused, in whole in part, by the inefficient hand brake. This means that if the hand brake was inefficient and played any part, no matter how small, in the Plaintiff's injuries, then you must find that the inefficient hand brake caused the Plaintiff's injuries, notwithstanding any negligence on the part of the Plaintiff. Contributory negligence is not a defense in this case.

In this case, the Defendant has raised an affirmative defense – that is, the Defendant has argued that, even if the hand brake was inefficient, the Plaintiff's own actions were the sole cause

of his injuries. In order for you to find that the inefficient hand brake did not cause the Plaintiff's injuries under this affirmative defense, you must believe that the Plaintiff's actions were the sole cause of his injuries.

If you find that the inefficient hand brake did not cause the Plaintiff's injuries in any way, please indicate "No" in Question No. 2 on the Verdict Form. However, if you find that the inefficient hand brake did cause or contribute to cause the Plaintiff's injuries in any way, no matter how small, please indicate "Yes" in Question No. 2.

If you have indicated "No" in Question No. 2, please disregard the remaining Instructions and inform the court security officer that you have completed your deliberations. If you have indicated "Yes" in Question No. 2, please proceed to Instruction No. 2.

## INSTRUCTION NO. 2

### Damages

If you have found for the Plaintiff on Question Nos. 1 and 2, you must consider whether the Plaintiff has proven any damages caused by conduct of the Defendant. These are known as "compensatory damages." Compensatory damages seek to make the Plaintiff whole – that is, to compensate him for any damage he suffered or is reasonably certain to suffer in the future. If you determine that the Plaintiff has proven damages caused by the conduct of the Defendant, you must award the Plaintiff an amount of money that will fairly and reasonably compensate him for such of the following damages as you believe from the evidence he has sustained or is reasonably certain to sustain in the future directly as a result of the Defendant's conduct. Such an amount may include:

(1) Past lost wages (not to exceed $67,186.00),

(2) Future lost wages (not to exceed $88,335.00),

(3) Future health insurance benefits (not to exceed $81,460.00),

(4) Pain and suffering.

The Plaintiff had a duty to use his reasonable efforts to mitigate any damages. If you find more likely than not that the Plaintiff failed to use reasonable efforts to mitigate his damages, you may reduce his award based on evidence that jobs were actually available that he could have obtained. The amount of money, if any, that you award to the Plaintiff is not subject to federal or state income taxes. Therefore, in calculating lost earnings, you should use after-tax earnings. In calculating lost future earnings and future health insurance benefits, you must award only the "present value" of that amount. That is, you must make a reasonable adjustment to the amount of such future damages for the present use, interest free, of that amount by taking (1) the interest-

rate or return that the Plaintiff could reasonably be expected to receive on an investment of the lump-sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained, and then (3) reduce, or in effect deduct from, the total amount of anticipated future loss whatever that amount would be reasonably certain to earn or return, if invested at such rate of return over such future period of time, and include in the verdict an award for only the present value of the amount of future damages.  Finally, you should compensate the Plaintiff for any aggravation of an existing disease or physical defect that resulted from this injury.  However, you may not award Plaintiff damages he would have suffered regardless of the injury in question.  If you find that there was an aggravation of an existing injury or condition, you should determine, if you can, what portion of the Plaintiff's condition resulted from the aggravation and award him only that amount.

Please indicate in Question No. 3 on the Verdict Form the amount, if any, you award Plaintiff for each of the expense categories 1 through 4 above, as well as the total amount of damages.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate toward reaching an agreement, if you can do so while remaining consistent with your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous; but do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson in this Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, will have your foreperson fill in, date and sign the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04-CV-405-H

SAM SWEET                                                                                       PLAINTIFF

V.

CSX TRANSPORTATION, INC.                                                          DEFENDANT

**VERDICT FORM**

**Question No. 1 (Efficiency of Hand Brake)**

_____                                   _____
(Hand brake was efficient)                              (Hand brake was inefficient)

**Question No. 2 (Causation)**

_____                                   _____
(Yes)                                                                    (No)

**Question No. 3 (Damages)**

(1)   Past lost wages:                           $_____
                                                             (not to exceed $67,186.00)

(2)   Future lost wages                       $_____
                                                             (not to exceed $88,335.00)

(3)   Future health insurance benefits   $_____
                                                             (not to exceed $81,640.00 )

(4)   Pain and suffering                       $_____

TOTAL:       $_____

_____
FOREPERSON


DATE_____